■ The opinion was not a judgment, nor did it direct the entry of a judgment. Instead, it declared that neither party was entitled to a judgment and, immediately following that declaration, ended with these words: "It is so ordered." Thus, instead of directing the entry of a judgment, the court, in effect, directed that no judgment be entered.

■ Upon the filing of the opinion, the clerk of the court made the following notation in the civil docket: "Aug. 31, 1944. Judgment denied as to both plaintiff and deft." That was not a notation of a judgment, within the meaning of Rule 58 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following § 723c,[2] and hence did not constitute the entry of a judgment.

■ On November 28, 1944, appellant filed a notice of appeal "from the final judgment * * * entered in the above entitled action." Subsequently there was transmitted to this court what purported to be a transcript of the record on appeal from the judgment thus supposedly entered. Since there was, in fact, no such judgment, the appeal was premature.

Appeal dismissed.

J. M. Johnson and J. F. Kemp, both of Atlanta, Ga., and E. C. Brannon, of Gainesville, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Jas. T. Manning and A. E. Lockerman, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The only ground urged for reversal is that the evidence does not authorize the verdict of guilty. No motion was made raising this question in the trial. We have nevertheless examined the evidence and think it sufficient.

Judgment affirmed.

## JONES v. UNITED STATES.

No. 11360.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1945.

## SPRADLEY v. SANFORD, Warden.

No. 11376.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1945.

[2] Rule 58 provides: "The notation of a judgment in the civil docket * * * constitutes the entry of the judgment; and the judgment is not effective before such entry."